[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON KMART'S MOTION FOR SUMMARY JUDGMENT
The court finds, having reviewed the motion, documentary attachments, counterbrief and affidavits and all other documentary filings that there is no genuine issue of material fact raised by the allegations in count one and that the defendant KMart is entitled to judgment as a matter of law for the reason that over the terms of the lease agreement demising the interest to KMart, it did not receive any ownership, maintenance or control responsibilities over the sidewalk area on which the plaintiff alleges she fell on an icy sidewalk. Under the lease indenture, while the tenant KMart and its licensees have a common right to use the sidewalks, parking areas and other common areas, nonetheless it spells out that it is clearly the landlord's duty to keep "the Common Area in good condition and repair, including, but not limited to, repairing and replacing paving; keeping Common Area properly cleaned, drained, free of snow, ice, water, rubbish and other obstructions, and in a safe, neat, clean, orderly and sanitary condition. . . ." Under the lease the landlord, not the tenant KMart, was also responsible for maintenance of the roof from which the plaintiff alleges water came which froze on the sidewalk and caused the plaintiff's fall.
Summary judgment is therefore granted in favor of the defendant KMart against the plaintiff Jeananne Salemme.
Flynn J.